ALEXANDER F. McKENNA, appellant,

v.

MARY McKENNA, respondent.

[Argued December 1st, 1914.   Decided January 27th, 1915.]

On appeal from a decree of the court of chancery advised by Advisory Master Maximilian T. Rosenberg, who filed the following opinion:

When the testimony was closed in this case I announced my conclusions very briefly, adding that if the case were appealed I should take the opportunity of stating them with more elaboration.

The petition is filed by the husband against the wife, alleging adultery.   The proof is entirely circumstantial, and the design of the petitioner's counsel is to bring the case within the familiar rule that where desire to commit adultery and the opportunity to do so are both shown to have existed, the court will infer that the act of adultery has been committed.   In the present case, while there was abundant opportunity, the evidence falls far short of satisfying me that there was any desire on the part of either the defendant or the corespondent to commit adultery. Both the defendant and the corespondent have taken the stand, positively denying the commission of any act of adultery, and with equal positiveness denying the existence between them of anything more than friendship and desire for social intercourse. That the defendant when separated from her husband was indiscreet in permitting the corespondent to call upon her and to take her out in the evening to social gatherings, admits of no dispute.   But indiscretion is not criminality.   As was said by Chancellor McGill, in the case of *Hurtzig* v. *Hurtzig, 44 N. J. Eq. 329*, which was the case particularly relied upon by the petitioner's counsel in his argument:

"The main difficulty in the application of this rule, *i. e.* (the rule that guilt will be inferred from the existence of desire and opportunity), is in the determination, from circumstances, of the condition of the minds of the defendant and her *particeps criminis.* This suggestion shows the necessity in such determination, of the application of the precautionary test, that to establish adultery the circumstances must be such as to lead the guarded discretion of a reasonable and just man to the conclusion of guilt. The judgment must not be rash and intemperate, moving upon appearances that are equally capable of two interpretations. If the circumstances, taken both singly and together reasonably admit of two interpretations, that interpretation which favors innocence should be adopted."

In the same case Chancellor McGill also says:

"The crime is almost invariably clandestine, and committed only when every precaution is taken to preclude the possibility of its discovery. Familiar *indicia* of it are: loss of affection that is due to, and was bestowed upon, its legitimate object, and the bestowal of affection upon an unlawful object; stolen interviews; private correspondence; amorous and passionate utterances; personal freedom; indecent familiarity; compromising situations; and the like. There may also be slight, delicate and indefinable circumstances, proximate to the adultery and peculiar to a given case, that, though less prominent as *indicia,* are, nevertheless, powerful factors in producing conviction of guilt."

In this case it is in evidence, as I have intimated, that the corespondent was in the habit of visiting the defendant at her residence and sitting with her in the sitting-room. There was no secrecy about his visits. The other people in the house and in the apartment were perfectly aware of them. On one or two occasions, it is true, they sat in this room in the early evening with the lights out; but it is admitted that other people in the house did the same thing, and that it was only the usual precaution which is taken on summer evenings in mosquito-infested communities. On other occasions the corespondent took the defendant out to dances in public places, sometimes accompanied by others and sometimes alone. There is a dispute as to the hours at which they were accustomed to return. On several oc-

casions they were seen in the hall of the house in which the defendant lived, but there is no evidence to show undue familiarity or compromising situations, or anything in fact which would show an illicit passion by one for the other. As I have said, both parties on the stand deny the existence of anything more than friendship. The manner of both the defendant and the corespondent on the stand impressed me very favorably and their evidence as that of truthful persons. The language of Mr. Justice Garrison, speaking for the court of errors and appeals, in *Osborn* v. *Osborn, 44 N. J. Eq. 257, 261,* applies in this case:

"Adultery is not shown, nor are the elements of lust, lewdness, depravity or secrecy, the invariable concomitants of criminal conversation, to be found in the proofs. If we give the testimony the construction most unfavorable to the defendant, a decree based upon adultery must rest upon one of two grounds: either that opportunity is tantamount to guilt or that a decree may rest upon a crime half proven, even though the half it rests upon is the half that is not proven."

I do not think that it is necessary for me to review the evidence any more extensively than I have. The result, to my mind, leads to a dismissal of the petition, and a decree is advised to that effect.

The case of *Cooper* v. *Cooper,* reported since my determination in the present case, is very much in point. In that case, Vice-Chancellor Backes, whose opinion is reported in *82 N. J. Eq. 581,* declined to advise a decree for the husband, although the evidence was apparently very much stronger against the wife than in the present case. The decree in that case was affirmed by the court of errors and appeals on the opinion of the vice-chancellor. *82 N. J. Eq. 660.* I might almost have adopted the language of the vice-chancellor *in totidem verbis* in the present case.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Advisory Master Rosenberg.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, TERHUNE, HEPPENHEIMER—12.

*For reversal*—SWAYZE, WHITE, WILLIAMS—3.